

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2007

# USA v. Gilbert

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4293

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Gilbert" (2007). *2007 Decisions.* Paper 99.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/99

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-4293

———

UNITED STATES OF AMERICA

v.

NATHANIEL GILBERT,
                                        Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 06-cr-00418)
District Judge: Honorable Robert B. Kugler

———

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before:  SLOVITER, AMBRO, Circuit Judges, and RESTANI[*], Judge

(Filed: December 11, 2007)

OPINION

———

SLOVITER, Circuit Judge.

---

[*] Hon. Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

Nathaniel Gilbert appeals from his sentence of sixty months imprisonment for assault of a United States Postal Service contractor with the intent to rob him, in violation of 18 U.S.C. § 2114(a) and § 2. Gilbert's appeal is limited to his claim that the District Court did not understand its discretion to impose the sentence to run concurrent with Gilbert's state sentence.

**I.**

Gilbert, using a fake gun, assaulted and robbed a contractor for the United States Postal Service on November 23, 2004, and stole more than $28,000 in mail, money, and other property. At that time, Gilbert was awaiting sentencing on two unrelated state charges. On April 15, 2005, after Gilbert committed the federal offense, he was sentenced in state court to five years imprisonment for drug distribution and eighteen months imprisonment for resisting arrest. The state judge specified that these sentences were to be served concurrently with each other, and "concurrent to any federal sentence." App. at 46.

More than a year later, on June 2, 2006, Gilbert pled guilty pursuant to a plea agreement to the federal charge of assaulting a contractor for the United States Postal Service with intent to rob. The plea agreement stipulated that the offense level should be level 26 or 27 under the United States Sentencing Guidelines ("U.S.S.G."),[1] subject to a

_____

[1]The parties disagreed over whether Gilbert "brandished," as opposed to "otherwise used," a "dangerous weapon" during the robbery. See U.S.S.G. § 2B3.1(b)(2)(D), (E). The District Court ultimately concluded that Gilbert "otherwise used" a "dangerous

three level reduction for acceptance of responsibility. The parties did not agree in the plea agreement as to whether the sentence should be concurrent with or consecutive to Gilbert's state sentences. Prior to the sentencing, the United States moved for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines due to Gilbert's substantial assistance to the government in an unrelated case.

At the sentencing hearing, the District Court granted the government's § 5K1.1 motion and the government deferred to the District Court's discretion as to whether the downward departure should be in the form of a concurrent sentence or as one of the factors to be considered under 18 U.S.C. § 3553(a). Although the Sentencing Guidelines range was 92 to 115 months, the District Court sentenced Gilbert to sixty months imprisonment, to be served consecutively with other state or federal sentences, as well as supervised release and restitution. Gilbert filed a timely appeal.

## II.

We review the district court's imposition of a concurrent or consecutive sentence for abuse of discretion. United States v. Lloyd, 469 F.3d 319, 321 (3d Cir. 2006); United States v. Swan, 275 F.3d 272, 275 (3d Cir. 2002). Under 18 U.S.C. § 3584, multiple terms of imprisonment may be imposed either consecutively or concurrently, and the district court must consider the 18 U.S.C. § 3553(a) factors when making this determination. The policy statement in U.S.S.G. § 5G1.3(c) provides that a sentence may

weapon" and that the robbery was therefore a level 27 offense, minus three levels for acceptance of responsibility.

be imposed concurrently, partially concurrently, or consecutively to an undischarged sentence "to achieve a reasonable punishment for the instant offense."

We do not agree with Gilbert that the District Court was not aware of its discretion to impose either a consecutive or concurrent sentence. In fact, the District Court explicitly advised Gilbert that it had the discretion to impose a consecutive sentence. In making that decision, the District Court carefully balanced the 18 U.S.C. § 3553(a) factors. The Court discussed the nature and circumstances of the offense, referred to the armed robbery as "a bad crime," noted Gilbert's extensive prior criminal history, and concluded that Gilbert is a danger to the public and requires correctional treatment. App. at 84. The Court described the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford deterrence to further criminal conduct. Finally, the Court noted Gilbert's substantial cooperation with the government in the unrelated matter, reflected in the government's § 5K1.1 motion. Thus, the Court accounted for any sentencing disparity between Gilbert and his accomplices who had already been sentenced.

Of course, the District Court was not bound by the state judge's recommendation of concurrency, as the state sentence was imposed before Gilbert was charged or sentenced for the federal offense. After reviewing the § 3553(a) factors, the District Court exercised its discretion in imposing a sentence significantly below the guidelines range but a sentence nonetheless to run consecutively to Gilbert's state sentence, a sentence that reflected both the seriousness of the crime and Gilbert's significant

4

cooperation with the government.

## III.

We conclude that the District Court did not abuse its discretion in imposing a sentence of sixty months to be served consecutively with Gilbert's state sentence. Indeed, had the Court imposed the sentence to run concurrently, it would have allowed Gilbert to escape punishment for the armed robbery. Accordingly, we will affirm.